IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DIANA GOTTSCHALK, | ) | Civil No.: 6:13-cv-00125-JE |
| | ) | |
| Plaintiff, | ) | OPINION AND |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CAROLYN A. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Robyn M. Rebers
Robyn M. Rebers LLC
PO Box 3530
Wilsonville, OR 97070

    Attorney for Plaintiff

S. Amanda Marshall, U.S. Attorney
Adrian L. Brown, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204

OPINION AND ORDER – 1

Carol A. Hoch
Special Asst. U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

Attorneys for Defendants

JELDERKS, Magistrate Judge:

Plaintiff Diana Gottschalk brings this action pursuant to 42 U.S.C. §405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Social Security Act (the Act). Plaintiff seeks an Order remanding the action to the Social Security Administration (the Agency) for further proceedings.

For the reasons set out below, the Commissioner's decision is reversed and this action is remanded for further proceedings.

## Procedural Background

Plaintiff filed applications for DIB and SSI on May 4, 2009, alleging that she had been disabled since February 18, 1983.

After her claims were denied initially and on reconsideration, Plaintiff timely requested an administrative hearing.

On September 26, 2011, a hearing was held before Administrative Law Judge (ALJ) Riley Atkins. At the hearing, Plaintiff amended her alleged disability onset date to November 3, 2008. Plaintiff and Dr. Erin Martz, a Vocational Expert (VE), testified at the hearing.

In a decision filed October 13, 2011, ALJ Atkins found that Plaintiff was not disabled within the meaning of the Act.

OPINION AND ORDER – 2

On December 13, 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. In the present action, Plaintiff challenges that decision.

## Background

Plaintiff was born on February 18, 1983 and was 28 years old at the time of the ALJ's decision. She attended special education classes and attended school through the Eighth Grade. Plaintiff has past relevant work experience as a personal attendant, cashier, cook's helper, salesperson and telephone solicitor.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the

presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1.  A claimant who has such an impairment is disabled.  If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four.  20 C.F.R. § 404.1520(d).

Step Four.  The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past.  A claimant who can perform past relevant work is not disabled.  If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five.  20 C.F.R. § 404.1520(f).

Step Five.  The Commissioner determines whether the claimant is able to do any other work.  A claimant who cannot perform other work is disabled.  If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do.  The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled.  If the Commissioner does not meet this burden, the claimant is disabled.  20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant.  Tackett, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy.  Id.

**Medical Record and Testimony**

Like the parties, I will not summarize the medical record and testimony separately, but will instead address relevant portions of that evidence in the discussion below.

**ALJ's Decision**

As an initial matter, the ALJ found that Plaintiff had last met the requirements for insured status on December 31, 2008.

At the first step of the disability assessment process, he found that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date.

At the second step, the ALJ found that Plaintiff had the following "severe" impairments: insulin dependent diabetes mellitus with peripheral neuropathy, history of club foot since birth, adjustment disorder with depressed mood, personality disorder, "low cognitive abilities" and substance abuse (in claimed remission).

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the listings, 20 C.F.R. Part 404, Subpart P., App. 1.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). He found that Plaintiff retained the capacity to perform less than the full range of light exertion and that

> [e]xertionally, the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally. She can sit about 6-hours (cumulatively, not continuously) in an 8-hour workday with normal breaks. She can stand and walk up to 2-hours (cumulatively, not continuously) in an 8-hour workday with normal breaks. Her push/pull exertional capacities are unlimited to the weight levels she can lift-and-carry. The claimant can occasionally climb stairs and equivalent ramps. She can never climb ropes, ladders and scaffolding. She can do occasional crouching and frequent balancing, stooping, kneeling and crawling, secondary to her peripheral neuropathy. She is also given environmental nonexertional limitations wherein she cannot work around concentrated exposure to vibration or hazards such as working at unprotected heights or around machinery with exposed moving parts based on her marijuana abuse history. Otherwise, she has no other physical

OPINION AND ORDER – 5

limitations in manipulative, visual or communicative functioning. Lastly, she can only do simple, routine, repetitive type work.

Based upon the testimony of the VE, at the fourth step the ALJ found that Plaintiff could not perform any of her past relevant work.

At the fifth step of his analysis, the ALJ found that Plaintiff could perform jobs that existed in substantial numbers in the national economy. The ALJ cited ticket seller and order caller as examples of the work that Plaintiff could perform. Based upon the conclusion that Plaintiff could perform such work, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process. Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

## Discussion

Plaintiff contends that the ALJ erred in relying on the testimony of the VE because the VE's testimony conflicted with the Dictionary of Occupational Titles (DOT) and the hypothetical given to the VE differed from the RFC the ALJ relied upon in his decision.

### I. **VE's Testimony and the DOT**

Plaintiff contends that the ALJ relied on erroneous vocational testimony in concluding at step five that she could work as an order caller and ticket seller. She argues that according to the DOT, these positions require Reasoning Levels of 2 and 3, respectively, which are inconsistent with the ALJ's RFC that limited her to simple, routine, repetitive work. Plaintiff also contends the standing limitations set out in the ALJ's RFC conflict with the DOT job descriptions identifying the ticket seller and order caller jobs as "light" exertion level work. Plaintiff argues that the ALJ's conclusion that she could work in these positions lacked substantial evidence because the VE's testimony did not address this conflict and the ALJ failed to resolve the conflict between the VE testimony and the DOT.

### A. **Plaintiff's RFC and DOT Reasoning Levels**
### **Standards**

Each job description in the DOT includes within its definition trailer a specific vocational preparation (SVP) component and a general education development (GED) component. DOT, App'x C, available at 1991 WL 688702 (1991). A job's SVP is focused on "the amount of lapsed

OPINION AND ORDER – 7

time" it takes for a typical worker to learn the job's duties. Id.  A job's SVP is used by the Agency in classifying an occupation as unskilled, semi-skilled, or skilled.  20 C.F.R. § 416.968.  The GED component comprises reasoning development, mathematical development and language development.  Reasoning development, which is rated on a scale of one to six, identifies the reasoning ability required to complete the job's tasks.  DOT, App'x C, available at 1991 WL 688702.  A job involving Level 2 reasoning means that an individual must be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations."  Id.  A job involving Level 3 reasoning requires that an individual be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations."  Id.

Social Security Ruling 00–4p states that the Agency relies "primarily on the DOT . . . for information about the requirements of work in the national economy. We use these publications at Steps 4 and 5 of the sequential evaluation process." SSR 00-4p, available at 2000 WL 1898704 at *2. Although the occupational evidence provided by a VE should generally be consistent with the occupational information supplied by the DOT, neither the DOT nor the VE evidence automatically "trumps" when there is a conflict. Id. As part of the ALJ's duty to fully develop the record, the ALJ must, on the record, ask the VE if the evidence he or she has provided conflicts with the DOT.  Id. at *2, *4.   When there is an "apparent unresolved conflict" between the VE evidence and the DOT, it is the duty of the ALJ to elicit a reasonable explanation for the conflict before relying on the VE's evidence. Id.; see also Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).  Failure to make such an inquiry is procedural error

OPINION AND ORDER – 8

but such error may be harmless if there is no actual conflict between the VE's testimony and the DOT, "or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts." Massachi, 486 F.3d at 1154 n. 19.

Courts are divided on the question of whether the ability to perform simple, routine, repetitive work is consistent with Reasoning Level 2, and there is no Ninth Circuit controlling precedent. Some courts have concluded that the ability to perform simple, routine repetitive work tasks is not inconsistent with Level 2 reasoning. See Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (level two reasoning appears consistent with "simple and routine work tasks"); Harrington v. Astrue, 2009 WL 102689 at *2 (S.D.Cal. Jan. 14, 2009) (simple, repetitive work is consistent with the definition of GED reasoning level two); Maxwell v. Commissioner Social Sec. Admin., slip op, 2013 WL 4087558 at *19 (D. Or. August 12, 2013) (limitations to "simple, routine instructions and procedures," and "simple, routine tasks" not inconsistent with level 2 reasoning); Patton v. Astrue, 2013 WL 705909, at *1 (D.Or. Feb. 25, 2013) (same); Pitts v. Astrue, 2011 WL 3704124 at *7 (D. Or. Aug. 23, 2011) (limitation to "simple, repetitive tasks" not inconsistent with level 2 reasoning).  Other courts have concluded that there is an inconsistency.  See, e.g. Burnsides v. Astrue, 2010 WL 2730966 at *5 (D. Or. July 9, 2010) ("simple, routine instructions and tasks" inconsistent with level 2 reasoning); Pope v. Astrue, 2011 WL 3584802 at *17 (D. Or. May 20, 2011) (ability to understand and remember simple instructions and carry out simple routine tasks in conflict with level 2 reasoning).

The Ninth Circuit Court of Appeals has also not definitively addressed the question of whether there is a conflict between a limitation to simple, routine, repetitive work and Level 3 reasoning.  However, the majority of district courts within the Ninth Circuit have concluded that there is a conflict. See, e.g., Moore v. Colvin, 2014 WL 696419, at *2 (C.D.Cal. February 24,

OPINION AND ORDER – 9

2014) (noting that many judges in the district have addressed the issue and "all have decided" that an RFC that limits a claimant to simple, routine, and repetitive tasks is inconsistent with a job that requires Reasoning Level 3 under the DOT)(collecting cases); Ball v. Astrue, 2010 WL 3420166 at *16 (D. Or. August 27, 2010)(recognizing an inconsistency between a limitation to simple, routine, repetitive work and level three or four reasoning); Torrez v. Astrue, 2010 WL 2555847, at *9 (E.D.Cal. June 21, 2010)(simple repetitive work inconsistent with level three reasoning); Boyd v. Astrue, 2011 WL 5515517 at *8 (W.D. Wash. May 21, 2011)(citing Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir.2005) and finding plaintiff's limitation to simple tasks inconsistent with level three reasoning).

**Analysis**

Plaintiff acknowledges that the ALJ made the necessary inquiry regarding whether the VE's testimony was consistent with the DOT and that the VE did not identify any conflict. Plaintiff, however, argues that there is, in fact, an inconsistency between the ALJ's RFC assessment, which limits Plaintiff to simple, routine, repetitive work, and his finding that Plaintiff can perform jobs which, according to the DOT, require level 2 and 3 reasoning. Plaintiff contends that the ALJ improperly failed to identify or provide any reason to justify the inconsistency.

Consistent with the SSR 00–4p, the ALJ here explicitly asked the VE if her testimony was "consistent with the [DOT]." (Tr. 65). The VE testified that it was. (Tr. 65). Plaintiff, who was represented by counsel at the administrative hearing, did not raise an issue at the hearing regarding any potential conflict between the VE's testimony and the reasoning levels in the DOT. However, it is the obligation of the ALJ to "determine whether the expert's testimony deviates from the Dictionary of Occupational Titles and whether there is a reasonable

explanation for any deviation." Massachi at 1153.  An ALJ's duty to not simply rely on the VE's testimony that no conflicts exist is consistent with Supreme Court language that notes that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits...." Sims v. Apfel, 530 U.S. 103, 111 (2000).

Here, if there is no conflict between the DOT and the VE's testimony then the ALJ properly relied on the VE testimony.  If, however, there is a conflict, the record contains no explanation from the VE for the deviation and the ALJ improperly relied on the VE's testimony in determining that Plaintiff is capable of performing the jobs of ticket seller and order caller.

After an extensive review of the decisions from this District and others in the Ninth Circuit and a thorough review of the record in the present case, I am persuaded by the reasoning of those cases that conclude that the ability to perform simple, routine, repetitive work is not inconsistent with Level 2 reasoning.  Accordingly, the VE's testimony that Plaintiff was able to perform the job of order caller despite her limitations to "simple, routine, repetitive type work" constituted substantial evidence.

However based on my review, I also conclude that in the present case Plaintiff's RFC, which limits her to simple, routine, repetitive work, is inconsistent with jobs requiring Level 3 reasoning.  I find, therefore, that there is a conflict between the testimony of the VE and the DOT regarding the ticket seller position and that it was error for the ALJ to fail to elicit a reasonable explanation for the conflict.  Absent such an explanation or a discussion by the ALJ as to why he relied on the VE testimony rather than the DOT, the ALJ's decision that Plaintiff could perform the job of ticket seller is unsupported by substantial evidence.  Since the conflict between the VE's testimony and the DOT remains, remand on this issue is necessary.

B. **VE Testimony and Plaintiff's Standing Limitations**

Plaintiff contends that the standing limitations set out in the ALJ's RFC conflict with the DOT job descriptions identifying the ticket seller and order caller jobs as "light" exertion level work. As noted above, the ALJ's RFC limited Plaintiff to standing and walking "up to 2-hours (cumulatively, not continuously) in an 8-hour workday with normal breaks." Plaintiff initially appears to challenge both jobs identified by the VE. However, she fails to articulate any argument regarding how the DOT's description of the ticket seller job specifically conflicts with the VE's testimony. Therefore, any contention that the standing limitations in her RFC conflict with the DOT description of ticket seller is deemed waived. See, e.g., Carmickle v. Commissioner, 533 F.3d 1155, 1161 n. 2 (9th Cir.2008) (courts will not consider matters not specifically argued in opening brief). Accordingly, I will address below Plaintiff's contention regarding her standing limitations as it pertains to the order caller job identified by the VE.

Social Security Ruling 83-10 provides that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" but a job is also in this category "when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." The DOT specifically describes the job of order caller as follows:

> Reads items listed on order sheets . . . . Indicates on order sheets items located and items that are not available. May read items to CHECKER (clerical) I who examines articles prior to shipping. May be designated by kind of data called out to other worker as Weight Caller (clerical); Yardage Caller (textile).
>
> * * *
>
> STRENGTH: Light Work - Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight

OPINION AND ORDER – 12

> lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

DOT #209.667-014, available at 1991 WL 671807.

In his hypothetical to the VE, the ALJ explained that the hypothetical claimant "should not be required to stand or walk more than two hours during the workday." (Tr. 63)

Defendant argues that the VE, having been made aware that the Plaintiff, "should not be required to stand or walk more than two hours" during the work day (Tr. 63) had the expertise to testify about the jobs she identified and that her testimony did not raise any conflict with the DOT. I agree. Unlike with the reasoning levels discussed above, there was no actual or apparent conflict between the DOT's description of the order caller occupation requiring "light" exertion and the VE's testimony that an individual who was limited to no more than two hours of standing or walking in a workday could perform this job. Accordingly, the ALJ was not obligated to resolve any such conflict and was entitled to rely on the testimony of the VE as it pertained to Plaintiff's ability to perform this job despite her limitations in standing and walking. However, as is discussed below, there exists a significant issue regarding whether the ALJ's hypothetical to the VE properly encompassed all of the limitations set out in the RFC.

II. ALJ's Hypotheticals to the VE and the Decisional RFC

In order to be accurate, an ALJ's vocational hypothetical presented to a VE must set out all of a claimant's impairments and limitations. E.g., Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The ALJ's depiction of a claimant's limitations must be "accurate, detailed, and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir.1999). If the

OPINION AND ORDER – 13

assumptions set out in the hypothetical are not supported by the record, a VE's conclusion that a claimant can work does not have evidentiary value. Gallant, 753 F.3d at 1456.

      The ALJ here posed a vocational hypothetical to the VE describing an individual of Plaintiff's age, education and work experience who was capable generally of light level work but who should not be required to stand or walk more than two hours during the workday, could only occasionally climb ramps and stairs but should not be required to do other kinds of climbing and should do no more than occasional crouching, should avoid concentrated exposure to vibration and hazards in the workplace and would be "best suited to simple, routine, repetitive work." The VE testified that such an individual could perform the work of a ticket seller or a clerical order caller. The VE testified that both jobs were unskilled, light level work.

      Plaintiff contends that the ALJ's decisional RFC contains "significant functional restrictions" which were not included in the hypothetical posed to the VE. Plaintiff notes several discrepancies between the RFC and the vocational hypothetical relied upon by the VE including the omission of a limitation to frequent balancing, stooping, kneeling and crawling; the absence in the vocational hypothetical of a sitting restriction and the absence of a restriction that the sitting and standing/walking requirements were cumulative, not continuous, limits. Plaintiff argues that because a number of functional limitations present in the ALJ's decisional RFC were omitted from the vocational hypothetical, the total limiting effect of Plaintiff's impairments was not presented to the VE and it would be improper to assume that these discrepancies would not affect the VE's testimony.

      Defendant argues that there were no "significant" differences between the ALJ's decisional RFC and the hypothetical posed to the VE at the administrative hearing. Defendant points out that the omission in the hypothetical of limitations to frequent balancing, stooping,

OPINION AND ORDER – 14

kneeling and crawling was inconsequential because neither of the jobs identified by the VE include balancing, stooping, kneeling or crawling as part of their job requirements. See DOT #211.467-030; DOT #209.667-014. Defendant also contends that although the ALJ did not specifically describe a sitting limitation in his hypothetical to the VE it "was apparent that the ALJ was concerned primarily with a limitation on standing and walking to no more than two hours rather than limitations on sitting." Defendant argues that because the omissions in the hypothetical posed to the VE were inconsequential to the ultimate determination of nondisability, any error was harmless.

I agree with Defendant's argument regarding the limitations to balancing, stooping, kneeling and crawling. As Defendant notes, neither job identified by the VE includes these functions in their requirements. Thus any omission in the hypothetical was harmless error.

However, I am not persuaded that it was "apparent" that the ALJ was more concerned with a standing and walking limitation rather than a sitting limitation. Nor am I persuaded that a limitation to no more than six hours cumulative sitting in an eight hour day is the same as a limitation to no more than two hours of standing or walking in an eight hour day.

Defendant cites one unreported case from the Western District of Washington for the proposition that the ability to sit for about six hours is consistent with light work. Williams v. Astrue, 2008 WL 4224304 (W.D. Wash. September 11, 2008) However, even if this case was controlling, it is inapposite to the question presented here. The Wiliams court concluded that an RFC that includes an ability to stand and/or walk for two hours in an eight-hour day and sit for six hours in an eight-hour day is consistent with a determination that a claimant could perform light work. However, although the Williams court set out the ALJ's decisional RFC, it did not describe the hypothetical posed to the VE and it was not presented with the question of the effect

OPINION AND ORDER – 15

of differences between an RFC and a vocational hypothetical on the reliability of the VE's testimony.     Plaintiff, here, does not dispute the definition of light work but argues that the additional limitations included in the ALJ's RFC, if presented to the VE, may have precluded or reduced the number or type of jobs identified by the VE in her testimony. I agree. The ALJ's hypothetical omitted significant limitations that were set out in his own decisional RFC. Thus, the VE's testimony in response to the ALJ's hypothetical lacked evidentiary value and the ALJ erred in relying upon that testimony in reaching a disability determination. See Gallant, 753 F.2d at 1456.

### III. **Remand**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. See, e.g, Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). However, where there are outstanding issues to be resolved before a determination of disability can be made and it is not clear whether the ALJ would be required to find the claimaint disabled if the evidence in question was properly evaluated, remand is appropriate. Id. at 1179-81.

Here, the ALJ failed to provide a hypothetical to the VE which accurately reflected all of Plaintiff's limitations set out in the decisional RFC. The ALJ also failed to obtain an explanation for and resolve an apparent conflict between the VE's testimony that Plaintiff could perform the ticket seller job despite being limited to "simple, routine, repetitive type work" and the DOT's description of this position as requiring a Reasoning Level of 3. As such, this court cannot determine whether substantial evidence supports the ALJ's finding that Plaintiff can perform

other work. Accordingly, a remand of this action for further administrative proceedings consistent with this Opinion and Order is warranted.

## Conclusion

The decision of the Commissioner is REVERSED and this action is REMANDED to the Agency for further proceedings. On remand, the ALJ shall obtain additional VE testimony based on a hypothetical that accurately encompasses all of Plaintiff's limitations as set out in the decisional RFC. The ALJ shall also obtain a reasonable explanation from the VE for the conflict between her testimony that Plaintiff could perform the ticket seller job requiring a reasoning level 3 given that she is limited to "simple, routine, repetitive type work." Finally, the ALJ shall make adequate step five findings incorporating any revised determinations.

DATED this 1st day of May, 2014.

     /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge